#### KWIATKOWSKI v. ANTONECKI.

1. FRAUD—EVIDENCE—BURDEN OF PROOF.
   Party seeking conveyance of automobile because of fraud prac-
   ticed on him by defendant has burden of establishing fraud
   by clear and satisfactory proof.

2. SAME—EVIDENCE.
   Uncorroborated testimony of plaintiff that defendant had ob-
   tained title and possession of automobile by fraud, squarely
   contradictory to testimony of defendant that it was a gift,
   *held*, insufficient to sustain plaintiff's burden of proof of fraud.

3. APPEAL AND ERROR—CHANCERY CASE—CONCLUSIONS OF TRIAL
   JUDGE—DE NOVO REVIEW.
   Due consideration is given to conclusions of a trial judge who
   has the advantage of seeing the witnesses, listening to their
   testimony, and observing the manner in which such testimony
   was given in a chancery case, even though the case is heard by
   the Supreme Court *de novo* on the record submitted.

4. GIFTS—FINDINGS OF TRIAL COURT—EVIDENCE.
   Finding of trial court that automobile was a gift to defendant
   and her mother *held*, supported by proofs.

5. SAME—REVOCATION.
   A fully executed gift is not subject to revocation by a court.

Appeal from Wayne; Brennan (Leo J.), J., pre-
siding. Submitted October 10, 1950. (Docket No.
68, Calendar No. 44,823.) Decided December 5, 1950.

Bill by Bill Kwiatkowski against Wanda Anto-
necki, also known as Wanda Anton to require con-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraud and Deceit, § 255.
[3] 3 Am Jur, Appeal and Error, §§ 815, 895, 896.
[5] 24 Am Jur, Gifts, § 53.

veyance of an automobile. Decree for defendant. Plaintiff appeals. Affirmed.

*U. S. A. Heggblom,* for plaintiff.

*Emil Wm. Colombo,* for defendant.

CARR, J. This suit was instituted by the plaintiff on the 3d of November, 1947. The bill of complaint alleged in substance that in the month of December, 1946, plaintiff desired to buy an automobile for himself, that he discussed the matter with defendant and was told by her that she could obtain immediate delivery of a car, that relying on such assurance plaintiff paid to defendant the sum of $200 for deposit by her on the purchase, that shortly thereafter, at her request, he obtained a cashier's check in the sum of $1,626.29, payable to a Pontiac automobile sales agency, and delivered such check to defendant. Thereupon defendant procured delivery of the automobile, advising plaintiff at the time that it was necessary in making the purchase to take the title in her own name, and that she could not give him possession, or transfer the title, for a period of 6 months. The bill further set forth that upon the expiration of said period plaintiff demanded possession of the car, and transfer of the title, which demand was refused. On the basis of the alleged fraud plaintiff asked that he be decreed to be the owner of the car, that defendant be restrained from disposing of it or encumbering it during the pendency of the suit, and further that she account to him for the use thereof.

The answer filed by the defendant admitted the payments by plaintiff and the purchase of the car by her. All allegations of fraud were denied; and by way of further answer to the bill the defendant alleged in her pleading that at the time of the trans-

action in December, 1946, plaintiff was engaged to marry defendant's mother, that there was conversation between the parties with reference to the purchase of a home in which defendant was to live with her mother and the plaintiff, and that the automobile in question was given by plaintiff to defendant and her mother as a Christmas gift because of the contemplated marriage and the plans with reference to establishing a home. Defendant further claimed that she took title to the car in her name because her mother did not drive an automobile, and that in all respects she acted in good faith.

On the trial of the case plaintiff testified in his own behalf, substantially in accord with the averments of his bill of complaint. He denied any agreement on his part to marry the defendant's mother and any intention to make a gift of the car. He further claimed that he did not authorize defendant to take the title in her name, and that he was told by her that it was his car. The proofs do not establish that he at the time insisted that possession of the car should be turned over to him in order that he might use it. According to his testimony he was, at the time of the trial, 57 years of age, was able to drive an automobile, and had, in fact, previously owned motor vehicles, including a truck which he used in connection with a vulcanizing business that he owned and conducted. He claimed further, as alleged in his bill of complaint, that defendant informed him that she could not transfer the title to him for a period of 6 months, and that after the expiration of 2 months she told him that the automobile belonged to her. He further claimed that he saw defendant after the expiration of 6 months following the purchase of the car, asked that it be turned over to him, and was refused. Thereafter, under date of September 18, 1947, he wrote to defendant's mother stating, in substance, that he was

ill, that he needed money, and that he would like to have the automobile returned to him in order that he might sell it to raise money for medical expenses. Defendant did not comply with the request made to her mother, and the present suit was instituted.

Defendant and her mother testified to attentions that plaintiff had paid the latter, that a definite engagement existed, that plaintiff was desirous of buying a fur coat for defendant's mother, and that he offered to pay her expenses, as well as defendant's, on a contemplated trip to Florida, which, however, was not taken. Defendant and her witness both insisted that the car was a gift and that plaintiff was not in any way deceived or defrauded. They further claimed that during the summer of 1947 plaintiff's visits to their home became less frequent and finally ceased prior to the written request for the return of the car. In substance it was the claim of defendant that plaintiff changed his mind with reference to the contemplated marriage and desired a return of the gift that he had made to her and her mother.

After listening to the testimony of the parties, the trial court came to the conclusion that plaintiff had failed to sustain the burden of proof resting on him, that the facts were substantially as claimed by defendant, and that the automobile was a gift to her and her mother. A decree was entered accordingly, dismissing the bill of complaint, and plaintiff has appealed.

In order to be entitled to the relief sought, the burden rested on the plaintiff to establish by clear and satisfactory proof the charges of fraud made against defendant. *Gardner* v. *Gardner,* 311 Mich 615; *Groening* v. *Opsata,* 323 Mich 73. This he failed to do. His testimony was not corroborated and was, as the trial judge pointed out in his opinion, somewhat evasive and contradictory. As before noted, it does not appear that he insisted

on the possession of the car, irrespective of the fact that defendant had the title thereto, following its purchase. The automobile remained in defendant's possession, and over a period of some 4 or 5 months he rode in the vehicle, on several occasions, with defendant and her mother. He denied that they looked at property with the purpose in mind of purchasing a home, but his testimony in this regard is not convincing. He testified that the parties looked, on a few Sundays, for a house to purchase, but later claimed that he had not understood the question. His statements were squarely in conflict with the claims of defendant and her mother as to his conduct. It is significant to note that plaintiff testified that on one occasion the parties went to a beer garden, and that he was in the automobile with them, other than on such specific occasion, "quite a few times."

We agree with the conclusion of the trial judge that the letter above referred to, written by plaintiff to defendant's mother on September 18, 1947, is not consistent with the claims set forth in the bill of complaint or with his testimony. In part said letter reads as follows:

"I am very sorry that I have to write this to you on this theme, because I was of different thought. I wanted it better, but it happened that way against my thoughts and my intentions, so that I am forced to do this, so, Mrs., you know curing myself costs a lot of money. The little money that I had in the bank is almost depleted, and I cannot work any longer. My only solution to get out of this is this. You have an understanding with your daughter, I would like to have the automobile, which I bought, returned, and in the shortest possible time. Will have to sell it for further medical expenses. So please talk it over with your daughter in this case, and let me know in the very near future."

It is a fair inference from the language quoted that after the purchase of the automobile plaintiff changed his mind with reference to contemplated future plans. In his testimony he did not undertake to explain such language. It is significant also that he asked that the car be returned to him because of his need for money, but without making the slightest suggestion that he considered he had been defrauded in the transaction.

The issue in the case is wholly one of fact. The trial court had the advantage of seeing the witnesses, listening to their testimony, and observing the manner in which such testimony was given. While this Court hears the matter *de novo* on the record submitted here, due consideration should be given to the conclusions of the trial judge. *Zak* v. *Gray,* 324 Mich 522. From an examination of the record we are impressed that his disposition of the case was correct. It must be said that plaintiff failed to sustain the burden of proof resting on him. The finding that the automobile was a gift to defendant and her mother is supported by the proofs. Being fully executed, it was not subject to revocation.

The decree of the trial court is affirmed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.