## ZAK v. GRAY.

1. COURT COMMISSIONERS—SUMMARY PROCEEDINGS—STATUTES—JU-
RISDICTION.
   The jurisdiction of a circuit court commissioner in summary
   proceedings is strictly statutory (4 Comp. Laws 1948, § 630.1
   et seq.).

2. SAME—SUMMARY PROCEEDINGS—TITLE—EQUITY—JURISDICTION.
   In summary proceedings a circuit court commissioner is with-
   out authority to try title to land and such court does
   not have equitable jurisdiction.

3. JUDGMENT—RES JUDICATA.
   A judgment to constitute a bar to a claim in a subsequent ac-
   tion must be rendered upon the merits, upon the same mat-
   ter in issue, and between the same parties or their privies.

4. SAME—RES JUDICATA—SUMMARY PROCEEDINGS—SPECIFIC PER-
FORMANCE.
   Plaintiff, claiming an equitable title to land by way of specific
   performance of a parol contract to convey it, not being able
   to urge such claim in summary proceedings before a circuit
   court commissioner since it presents an issue as to title, is
   not barred in suit for specific performance by judgment
   against him for possession, rendered in the summary pro-
   ceeding.

5. SPECIFIC PERFORMANCE—CONTRACTS—EQUITY.
   Specific performance of a land contract will be decreed where
   its effect will be to give to each party that for which he
   contracted and will work no wrong or injustice to either.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 14 Am. Jur., Courts, § 55.
[1, 2, 4] 32 Am. Jur., Landlord and Tenant, § 1016.
[2, 4] 32 Am. Jur., Landlord and Tenant, §§ 1022, 1024.
[3, 4] 30 Am. Jur., Judgments, § 161 et seq.
[4] 30 Am. Jur., Judgments, § 194.
[5] 49 Am. Jur., Specific Performance, §§ 92, 93.
[6] 49 Am. Jur., Statute of Frauds, § 419 et seq.

6. SAME—FRAUDS, STATUTE OF—FINDING AS TO PART PERFORMANCE—
   EVIDENCE.
   In suit for specific performance of a parol agreement to convey
   land, competent evidence sustained finding of trial court that
   plaintiff had proved such part performance as to take the
   verbal agreement out of the statute of frauds (3 Comp. Laws
   1948, § 566.106).

7. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   While the Supreme Court hears chancery cases *de novo*, it does
   not reverse the finding of fact made by the trial court unless
   convinced that it would have reached a different conclusion
   had it occupied the position of the trial court.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 11, 1949. (Docket No. 61, Calendar No. 44,308.) Decided May 18, 1949.

Bill by William Zak against Abraham Gray and another to compel specific performance of an oral contract to convey land. Decree for plaintiff. Defendants appeal. Affirmed and remanded.

*Stanley E. Beattie,* for plaintiff.

*Betzoldt & Pfeifer* (*Isaac M. Smullin,* of counsel), for defendants.

SHARPE, C. J. Plaintiff filed a bill in chancery in the circuit court of Wayne county against defendants to obtain specific performance of a parol agreement to convey land.

The trial court found the facts to be as follows: That in the summer of 1945 the land in question was vacant and was owned by a partnership composed of David Baum and defendant Abraham Gray which held title as tenants in partnership (partnership property); that in June, 1945, plaintiff and defendant Gray entered into an oral agreement whereby plaintiff agreed to purchase the premises for the sum of $500 and defendant agreed to sell said prem-

ises for said price; that prior to September 1, 1945, defendant Gray agreed that plaintiff could move his cobbler's shop on the premises in question: that early in the same month plaintiff moved his shop to the premises in question at a cost of approximately $1,000 and did secure the shop to the land firmly with cement blocks and has conducted his business upon said land continuously from the fall of 1945 to the present time; that defendant Anna Gray, wife of Abraham Gray, while the land in suit was held as partnership property, had no right to dower; that on May 1, 1946, the interest of David Baum in said land was conveyed to defendant Gray; and that plaintiff continued negotiations for the deeding of the land in question to him until March, 1947, by which time defendant Gray had advanced the price of the land to $3,000 which plaintiff refused to pay.

It also appears that on March 28, 1947, a complaint was made by Abraham Gray against William Zak, plaintiff herein, before a circuit court commissioner of Wayne county as a trespasser. The cause was contested and verdict of guilty was rendered in favor of plaintiff Gray. The cause was appealed to the circuit court of Wayne county which on June 9, 1947, entered judgment that plaintiff Gray have possession and a writ of restitution issue.

On June 23, 1947, Zak began the instant suit. The trial court held that plaintiff Zak was entitled to a warranty deed of the premises in question upon the payment of the sum of $500 plus interest and taxes and entered a decree accordingly.

Defendants appeal and urge that the court of law, having found that William Zak was a trespasser, its judgment is final and a court of chancery is without authority to make a finding that "the decision in the circuit court commissioner's court, appealed to the circuit court and affirmed there, is not *res judicata* of the issues herein;" and that since the judgment

of the court of law was legal and valid, a court of chancery was without authority to enjoin defendants from taking action under it.

It is well established that the jurisdiction of a circuit court commissioner in summary proceedings is strictly statutory * and such court is without authority to try title to land. See *Mortgage & Contract Co.* v. *Kupalian,* 249 Mich. 577. Nor does it have equitable jurisdiction. See *German Bundesheim Society* v. *Schmidt,* 242 Mich. 139. The only issue adjudicated before the circuit court commissioner was whether Zak was a trespasser. Mr. Zak's claim of right to specific performance asserted in the instant case was not and could not have been in issue in the proceedings before the circuit court commissioner.

We are not in accord with the claim of defendants that since the judgment of the circuit court at law was legal and valid, a court of chancery was without jurisdiction to dispose of the issues involved.

In *Tucker* v. *Rohrback,* 13 Mich. 73, we said:

"That a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies, is unquestionable."

See, also, *Reid* v. *Gooden,* 282 Mich. 495; *LeRoy* v. *Collins,* 165 Mich. 380; *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563.

Our attention has been called to *Thompson* v. *Doore,* 269 Mich. 466. In that case an action was first brought in ejectment in the circuit court and later the losing party filed a bill in chancery to set aside the judgment in the ejectment case. We there held that plaintiff was barred from asserting such a claim for the reason that "It would appear then that

---

* See 4 Comp. Laws 1948, § 630.1 *et seq.* (Stat. Ann. § 27.1975 *et seq.*).—REPORTER.

plaintiff intended to risk an adjudication of his right in the law action, and, failing there, to institute an action in equity to restrain proceedings in the law action." In the ejectment case, title to land as well as possession of land was involved, while in the case at bar title was not involved in the cause before the circuit court commissioner, but is involved in the present suit.

The action before the circuit court commissioner was not and is not an adjudication of plaintiff's rights in the instant suit. The issue of title could not be determined before a circuit court commissioner.

Defendants also urge that there was not a partial performance of an oral contract to convey land. The trial court found as a fact: "My conclusion is that the plaintiff in this case has proven the existence of the verbal agreement and has proven by indisputable testimony such part performance as to take the verbal agreement out of the statute of frauds."

In *Chicago, Kalamazoo & Saginaw Railway Co.* v. *Lane,* 150 Mich. 162, we held that specific performance will be decreed where its effect will be to give to each party that for which he contracted and will work no wrong or injustice to either.

On appeal we hear chancery cases *de novo* and give due weight to the factual findings of the trial court. We do not reverse the trial court unless convinced that we would have reached a different conclusion had we occupied the position of the lower court. On the record before us we think the trial court correctly determined the matter in issue. The decree is affirmed and remanded to the trial court for computation of the amount of money due defendants. Plaintiff may recover costs of both courts.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.