MAZZOLA v VINEYARD HOMES, INC.

1. JUDGMENT—RES JUDICATA.

The doctrine of res judicata will not apply as a bar to the maintenance of a subsequent action unless it appears that the prior action was rendered on the merits, on the same matter in issue, and between the same parties or their privies.

2. JUDGMENT—RES JUDICATA—IDENTITY OF CLAIMS—IDENTITY OF FACTS—IDENTITY OF EVIDENCE.

The test for determining identity of claims, in a case where a defendant seeks to invoke the doctrine of res judicata, is to consider the identity of facts essential to the maintenance of both actions, or whether the same evidence would sustain both, and if the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.

3. JUDGMENT—RES JUDICATA—FRAUD—BREACH OF AGREEMENT—EVIDENCE.

A plaintiff is not precluded by the doctrine of res judicata from maintaining an action against a homebuilder for an injunction and damages for alleged fraudulent misrepresentation, where the plaintiff was also one of a number of plaintiffs in a prior action against the same builder which sought to restrain threatened violations of alleged agreements relating to development of adjoining land, because the evidence that would sufficiently establish a threatened breach of an enforceable agreement so as to warrant issuance of an injunction is substantially different from that required to establish fraud.

4. FRAUD—ACTIONABLE FRAUD—REQUIREMENTS.

The requirements for actionable fraud are that the defendant made a material representation, which was false, that he knew it to be false or made it recklessly without knowledge of its truth, that he intended that the plaintiff would act upon it,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 46 Am Jur 2d, Judgments §§ 404, 406–414, 417, 418.
[3] 46 Am Jur 2d, Judgments §§ 473, 575, 576, 602.
[4] 37 Am Jur 2d, Fraud and Deceit § 12.

that the plaintiff did act in reliance upon it, and thereby suffered injury.

5. JUDGMENT—RES JUDICATA—CAUSES OF ACTION—ESTOPPEL.
   If a second action between the same parties is brought upon the same cause of action as the previous action, the prior judgment is conclusive upon every matter that might have been litigated, whether it was in fact litigated or not, but if the second action is upon a different cause of action, the prior judgment operates as an estoppel only as to the facts or questions actually litigated and determined.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 1 April 2, 1974, at Detroit. (Docket No. 16518.) Decided August 12, 1974.

Complaint by Joseph P. and Rosemarie I. Mazzola against Vineyard Homes, Inc., for an injunction to prevent certain building operations and for damages for fraudulent misrepresentation. Accelerated judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Berry, Hopson, Francis & Mack (Robert W. Kefgen,* of counsel), for plaintiffs.

*Daner, Freeman, McKenzie & Matthews, P. C.* (by *Kenneth E. Scherer),* for defendant.

Before: DANHOF, P. J., and QUINN and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On March 16, 1971, plaintiffs, Joseph and Rosemarie Mazzola, brought this action in the Macomb County Circuit Court against defendant, Vineyard Homes, Inc. By their complaint plaintiffs sought an injunction restraining defendants from building homes of a certain type in Hatherly Village, a subdivision located in the city of Sterling Heights, Michigan and damages for alleged fraudulent misrepresentations. The trial

judge granted defendant's motion for accelerated judgment (GCR 1963, 116.1[5]) and plaintiffs now appeal as of right.

The difficulty in the instant case arises from the fact that the plaintiffs herein were also among the plaintiffs in an earlier class action, *Lopinski v Vineyard Homes, Inc,*[1] an action brought against the same defendant. The plaintiffs in *Lopinski,* including the plaintiffs herein, were all alleged to be homeowners in one of two Hatherly subdivisions, denominated Hatherly Village, subdivision #1 and Hatherly Village, subdivision #2. The plaintiffs in *Lopinski* alleged that defendant had agreed with them, at the time they purchased their homes, to develop a 9-1/2-acre "commons" area containing paved walkways, bicycle paths, a stream with rustic bridges crossing over it and other, similar types of landscaping. The plaintiffs in *Lopinski* further alleged that defendant also had agreed to restrict the type of dwellings that were to be placed on a 54-acre tract owned by defendant and adjoining the Hatherly subdivisions to those types of homes permitted to be built in Hatherly. The *Lopinski* plaintiffs also alleged that defendant proposed to sell the 54-acre tract to a buyer who planned to develop homes thereon in a manner contrary to the alleged agreement and, further, that defendant was planning to construct homes on the commons area. They therefore sought an injunction restraining defendant from selling or otherwise disposing of the property in any manner inconsistent with the terms of the alleged agreement. Maple Associates, a Michigan co-partnership that contracted to purchase the 54-acre tract, was permitted by the trial court to

[1] Macomb County Circuit Court No. X 70-5519, decided November 18, 1970.

intervene in the action pursuant to GCR 1963, 209.1(3). Defendant answered plaintiffs' complaint and interposed two affirmative defenses: the statute of frauds (MCLA 566.108; MSA 26.908) and laches. Thereafter, on November 18, 1970, the trial judge granted summary judgment in favor of defendant Vineyard Homes "[f]or reasons set forth in the record" and also granted summary judgment of no cause for action in favor of Maple Associates for the same reasons. No appeal from this decision was ever taken by the *Lopinski* plaintiffs.

Four months after the decision in *Lopinski* was rendered, the plaintiffs herein brought this action against defendant in two counts. Count I sought an injunction restraining defendant from building certain types of homes in Hatherly Village, subdivision #1. Plaintiffs alleged in their complaint that during the discussions leading to their purchase of a home in Hatherly Village, subdivision #1, one of defendant's sales personnel represented to them that all homes in this particular subdivision would be in the $60,000-and-up price range. They further stated in their complaint that certain brochures were shown to them with pictures of the types of homes to be built in the subdivision contained therein and that it was explained to them that none of the pictured homes cost less than $60,000. Plaintiffs also averred that defendant was in the process of constructing homes in the subdivision which would be offered for sale at a price not in excess of $45,000 and built upon lots smaller in size than those originally platted. They alleged that if such construction was permitted to continue they would be irreparably harmed and therefore sought an injunction restraining defendant from constructing such homes in Hatherly Village, subdivision #1.

Count II sought damages against defendant for fraudulent misrepresentation. Plaintiffs re-alleged the allegations contained in Count I and further alleged that defendant represented to them that Hatherly Village, subdivision #1, would contain or be served by a commons area of approximately nine acres, that they relied on these representations in purchasing their home and that defendant, contrary to the representations earlier made, sold the commons area to another real estate developer or land company. Plaintiffs alleged that they suffered damage as a result of these allegedly fraudulent misrepresentations and, therefore, sought $15,000 in damages, this being the alleged diminution in the value of their property.

Defendant answered the plaintiffs' complaint by way of general denial and attacked the sufficiency of both counts of the plaintiffs' complaint for failure to state with sufficient clarity the factual circumstances upon which plaintiffs based their claim for relief. Defendant also raised, as an affirmative defense, the decision in *Lopinski* as being res judicata of the issues presented in this second action. Discovery was had and the trial date adjourned several times to a later term of the court. On October 2, 1972, defendant filed motions for accelerated and summary judgment pursuant to GCR 1963, 116.1 and 117.2(1). Defendant argued that *Lopinski* was res judicata of the instant action and that the plaintiffs' complaint was inadequate to sustain a claim of fraud because it contained no allegation that defendant made misrepresentations concerning an existing fact. Subsequently, on October 6, 1972, defendant filed another motion for summary judgment alleging that plaintiffs failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). On January

12, 1973, after a hearing was held on the above motions, the trial judge filed a written opinion granting defendant's motion for accelerated judgment. Treating the decision in *Lopinski* as if the summary judgment granted therein was based on both the statute of frauds and laches, Judge Carroll characterized the dominant issue in the present case as "whether an oral misrepresentation made by the defendant but not reduced into the [purchase] agreement is barred by the statute of frauds". He held that this was the same issue presented in the first action and that the prior judgment, therefore, operated "as a bar to the present litigation". It is from this decision that plaintiffs now appeal.

For the doctrine of res judicata to apply as a bar to the maintenance of a subsequent action it must appear that the prior action was rendered on the merits, on the same matter in issue and between the same parties or their privies. *Zak v Gray,* 324 Mich 522; 37 NW2d 550 (1949); *Hewett Grocery Co v Biddle Purchasing Co,* 289 Mich 225; 286 NW 221 (1939); *Gomber v Dutch Maid Dairy,* 42 Mich App 505; 202 NW2d 566 (1972), *lv den,* 389 Mich 752 (1972). The plaintiffs herein do not dispute that the prior action was rendered on the merits nor that the two suits involved the same parties. Plaintiffs do contend, however, that they are here asserting a different claim.

The test for determining identity of claims was set forth in *Rose v Rose,* 10 Mich App 233, 236–237; 157 NW2d 16, 18 (1968), quoting from 30A Am Jur, Judgments, § 365, pp 407–408:

" 'In the application of the doctrine of *res judicata,* if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their main-

tenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.' "

A careful examination of what was sought to be adjudicated in both this case and the *Lopinski* case reveals that the plaintiffs here are, indeed, asserting a separate and distinct cause of action. The class of plaintiffs involved in *Lopinski* sought to restrain threatened violations of certain alleged agreements relating to the development of a commons area and an adjoining 54-acre tract of land. The evidence required to support this claim is not the same as that required to support the claims asserted in the instant case. Plaintiffs, by their complaint, seek an injunction and damages for alleged fraudulent misrepresentations made with respect to the development of two separate parcels of land, only one of which was the subject of the prior suit. In *Lopinski* no allegation was made concerning the development of Hatherly Village, subdivision #1, and the injunction sought therein did not relate to this parcel of land. The action in *Lopinski* only involved the 54-acre tract and the commons area—it did not involve the building of homes of less than a stated value within this particular subdivision. Since the plaintiffs' rights in this respect were not determined in the prior action, their action here seeking an injunction and damages for the alleged misrepresentation concerning the types of homes to be built in Hatherly Village, subdivision #1, is not precluded by the doctrine of res judicata. *Sheridan Drive Associa-*

*tion v Woodlawn Backproperty Owners Association,* 29 Mich App 64; 185 NW2d 107 (1970).

Furthermore, the action in *Lopinski* was premised on an alleged agreement, not fraud. The evidence that would sufficiently establish a threatened breach of an enforceable agreement so as to warrant the issuance of an injunction is substantially different from that required to establish fraud. An important difference in this respect is that for plaintiffs to succeed in their action for fraud they must show that they were in some way damaged through their reliance on defendant's alleged misrepresentations.

"The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141, 143 (1919). See also *Farida v Zahar,* 50 Mich App 137; 212 NW2d 739 (1973).[2]

At the time the first action was brought defendant had not yet acted in any manner which would cause damage to plaintiffs—such action was merely threatened. The law is clear in this state that for actionable fraud to exist the plaintiff must have suffered damage. It is clear, therefore, that the plaintiffs' cause of action for fraudulent misrepresentations made by defendant with respect to

[2] The limited applicability of this rule when scienter is in issue, as explained in *Irwin v Carlton,* 369 Mich 92; 119 NW2d 617 (1963), should, of course, not be ignored. See also *Callihan v Talkowski,* 372 Mich 1; 124 NW2d 788 (1963); *Peoples Furniture & Appliance Co v Healy,* 365 Mich 522; 113 NW2d 802 (1962); and *Freeman v Massachusetts Mutual Life Insurance Co,* 27 Mich App 572; 183 NW2d 832 (1970).

the types of homes to be built in the subdivision *and* with respect to the commons area did not arise until after the decision in *Lopinski*—when the development of the two pieces of property contrary to the alleged earlier representations began.

Since the cause of action asserted herein is not the same as that earlier presented, *Lopinski* only serves as an estoppel to the issues therein actually determined. The rule in this regard was well stated in *Gomber v Dutch Maid Dairy, supra,* pp 509–510, quoting from Anno, *Default Judgment as Res Judicata,* 128 ALR 472, 483:

" 'It is a well-settled general rule that where a judgment is asserted as an absolute bar to another action on the same demand or cause of action, it is conclusive not only as to every matter that was offered in the former action to sustain or defeat the demand, but as to every other matter that might have been offered for that purpose. On the other hand, where the subsequent action is on a different demand or cause of action, the judgment operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. In other words, where the second action is upon the same cause of action, the judgment is conclusive upon every matter that might have been litigated in the former action, whether it was in fact litigated or not, while if the second action is upon a different cause of action, the judgment operates as an estoppel only as to the facts or questions actually litigated and determined.' "

In *Lopinski* the trial judge held that certain alleged agreements between plaintiffs and defendant were barred from enforcement by the statute of frauds and laches. If plaintiffs herein were proceeding on the basis of these same agreements in the present case *Lopinski* would be determina-

tive. Plaintiffs here are not, however, asserting any rights under these alleged agreements but, rather, are proceeding on the basis that defendant fraudulently misrepresented certain facts to them during the course of their discussions. *Lopinski,* therefore does not act as an estoppel to bar plaintiffs' claims herein. The statute of frauds has no application in the instant case as plaintiffs are not proceeding on the basis of any alleged agreement. They are seeking recovery for fraud.

Defendant argues that plaintiffs' pleadings do not contain sufficient allegations to support an action in fraud. This issue is prematurely before this Court, however, since the trial judge made no express determination on this point in the proceedings below. Whether plaintiffs' complaint is sufficient under the law of this state is a decision initially to be made by the trial judge.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.