MARTIN v MICHIGAN CONSOLIDATED GAS COMPANY

Docket No. 54211. Submitted December 17, 1981, at Detroit.—Decided March 18, 1982.

Sheila Martin, Brenda Berman and Linda McGruder filed suit in Wayne Circuit Court seeking injunctive relief and damages to remedy an alleged wrongful termination of utility services by their landlord, Walter Deuchler, Michigan Consolidated Gas Company, and The Detroit Edison Company. The two utility companies filed motions for summary judgment or accelerated judgment or both with regard to the claims against them. The motions were granted, Charles Kaufman, J. Plaintiffs' motion for rehearing was denied. Plaintiffs then moved to amend their complaint, seeking to add new claims against the utility companies. The motion was denied. Plaintiffs then filed a new suit against Deuchler and the two utility companies, reiterating the claims that they unsuccessfully sought to add in the former case. The utility companies filed motions for accelerated judgment on the basis of res judicata. The motions were granted, Charles Kaufman, J. Plaintiffs' motion for rehearing was denied. Plaintiffs appeal. *Held:*

The denial of plaintiffs' motion to amend their pleadings in the first suit constituted an adjudication on the merits of those new claims which would have been contained in the amended complaint. Such a determination is entitled to res judicata impact.

Affirmed.

1. JUDGMENTS — RES JUDICATA.

Michigan law applies the broad rule of res judicata, barring not only claims actually litigated but also those claims arising out of the same transaction which the plaintiff could have brought, but did not.

2. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata is tempered, where a particular claim

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 394, 395, 401, 405.
[2] 46 Am Jur 2d, Judgments § 405.
[3] 46 Am Jur 2d, Judgments § 478.

was not actually litigated, by the court rule which requires a defendant to object to the splitting of causes of action at the first proceeding (GCR 1963, 203.1).

3. JUDGMENTS — AMENDMENT OF PLEADINGS — RES JUDICATA.
   The denial of a motion to amend pleadings is not a decision on the merits in most cases; however, where the denial is made on the basis of the futility of the amendment, it is in effect a determination that the added claims are substantively without merit, and such a determination is entitled to res judicata impact.

Wayne County Neighborhood Legal Services, Inc. (by *Michael A. Gehrls* and *Mark H. Magidson),* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Joseph F. Lucas),* for Michigan Consolidated Gas Company.

*Michael D. Gladstone,* for The Detroit Edison Company.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and R. I. COOPER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of accelerated judgment in favor of defendants Michigan Consolidated Gas Company and The Detroit Edison Company, granted on the ground of res judicata.

Plaintiffs were tenants in a Detroit multi-unit apartment building owned and operated by defendant Deuchler. On February 15, 1979, Michigan Consolidated Gas and Detroit Edison, at the request of Deuchler, terminated the gas and electric services to the building. The following day, plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs filed suit in Wayne County Circuit Court seeking injunctive relief and damages to remedy the alleged wrongful termination of utility services. Plaintiffs contended that Deuchler had violated MCL 600.2918; MSA 27A.2918 by in effect forceably evicting them in an unlawful manner. Plaintiffs further alleged that Michigan Consolidated Gas and Detroit Edison failed to comply with the Michigan Public Service Commission rules and violated the plaintiffs' due process rights by terminating utility services without providing plaintiffs with prior notice and a hearing.

The two utility companies filed motions for summary and/or accelerated judgment with regard to the latter claims. The motions were granted on May 4, 1979, and rehearing was denied on July 20, 1979. On July 20, plaintiffs also filed a motion to amend their complaint, seeking to add claims that the utility companies violated MCL 600.2918; MSA 27A.2918 by (1) acting as agents of Deuchler and (2) conspiring with Deuchler to shut off the gas and electricity. The trial court denied the motion to amend on the basis that the added counts did not state valid causes of action.[1]

On February 14, 1980, plaintiffs commenced the present suit against defendants Deuchler, Michigan Consolidated Gas Company and The Detroit Edison Company. Plaintiffs' complaint reiterated those claims that they attempted unsuccessfully to add in the former case. The two utility companies filed motions for accelerated judgment, asserting that the prior disposition was res judicata. The motions were heard and granted on August 1, 1980. Plaintiffs' motion for rehearing was subsequently denied and the present appeal then filed.

---

[1] Although that suit is presently on appeal to this Court, plaintiffs apparently have not argued that the trial court erred in denying their motion to amend.

The issue presented in this appeal is whether the denial of plaintiffs' motion to amend their pleadings in the first suit constituted an adjudication on the merits of those new claims which would have been contained in the amended complaint. Michigan law applies the broad rule of res judicata, barring not only claims actually litigated but also those claims arising out of the same transaction which the plaintiff could have brought, but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980). However, when a particular claim was not actually litigated, the res judicata doctrine is tempered by GCR 1963, 203.1, which requires a defendant to object to the splitting of causes of action at the first proceeding. Because defendants failed to object during the first proceeding (indeed, defendants opposed the motion to amend), GCR 1963, 203.1 would appear to preclude application of the broad rule of res judicata. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607; 275 NW2d 499 (1979).[2] Therefore, the critical question here is whether the claims were adjudicated on the merits in the prior suit. We believe that such an adjudication did occur, and affirm.

In most instances, the denial of a motion to amend will not be a decision on the merits. For example, when amendment is denied because of undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973), the substance of the claims sought to be added will not likely have been considered.

[2] Although the Supreme Court ultimately dismissed the *Rogers* appeal, 405 Mich 607, 637, the Court apparently considered its application of GCR 1963, 201.3 to be correct. See *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 172, fn 4; 294 NW2d 165 (1980), *Gose, supra,* 203, fn 20 (LEVIN, J., *dissenting*).

However, when, as in the present case, the denial is made on the basis of the futility of the amendment, it is in effect a determination that the added claims are substantively without merit; that is, that the claims are frivolous or legally insufficient on their face. See 6 Wright & Miller, Federal Practice & Procedure, § 1487, pp 432-433. Such a determination is entitled to res judicata impact.

In deciding this case, we express no opinion on the correctness of the trial court's determination in the first suit that amendment was futile. We observe that the Supreme Court has indicated that, in view of the scant record before a trial court reviewing a motion to amend, disposition on the merits should be made only when the claim is insufficient on its face. *Fyke & Sons, supra,* 660. Nonetheless, the propriety of the trial court's actions in the first case could only be considered on direct appeal from that disposition.

Affirmed.

J. H. GILLIS, J., concurs in all but the last paragraph of the opinion.