SCHWARTZ v CITY OF FLINT

Docket No. 121219. Submitted October 18, 1990, at Lansing. Decided January 22, 1991, at 10:10 A.M. Leave to appeal sought.

Joseph Schwartz successfully challenged in the Genesee Circuit Court the constitutionality of a zoning ordinance of the City of Flint as applied to his property. He subsequently brought another action against the city, seeking money damages for the temporary unconstitutional taking of his property. The court, Valdemar L. Washington, J., denied the defendant's motion for summary disposition, rejecting the contention that the plaintiff's action was barred by the principle of res judicata. The defendant appealed by leave granted.

The Court of Appeals *held:*

The trial court erred in denying the defendant's motion for summary disposition on the basis of res judicata. The plaintiff's present claim for money damages arose out of the same transaction involved in his original suit.

1. Under Michigan law, res judicata not only bars claims actually litigated but also claims arising out of the same transaction which the plaintiff could have brought, but did not.

2. In this case, the plaintiff's present claim for money damages is barred because he could have brought his claim in the earlier action, but did not. While the plaintiff's original action was pending, federal and state appellate court decisions recognized the validity of damages for the temporary unconstitutional taking of private property. The plaintiff thus was clearly apprised of the possibility of such a claim and could have amended his complaint. Moreover, formal recognition of such a claim is not necessary for assertion where not expressly rejected by settled law.

Reversed.

*Levin, Levin, Garvett & Dill, P.C.* (by *Erwin B. Ellmann* and *Jay W. Tower*), for the plaintiff.

*Loyst Fletcher, Jr.,* and *Barry W. Wolf,* for the defendant.

Before: Sullivan, P.J., and Maher and Griffin, JJ.

Per Curiam. Defendant appeals by leave granted the denial of its motion for summary disposition. Defendant argues that plaintiff's claim, seeking money damages for an unconstitutional taking of his property, is barred by res judicata. We agree and reverse.

This action is part of a continuing legal saga that began in 1971 when plaintiff, desiring to erect townhouses and apartment buildings on his property, first instituted a suit claiming that defendant's single-family residential zoning ordinance was unreasonable as applied to his land. Plaintiff's action was for declaratory relief, seeking to have the ordinance declared unconstitutional. Although a consent judgment was agreed to in 1973, it was set aside after a group of neighboring property owners were permitted to intervene. The case then proceeded to trial, resulting in a verdict in favor of defendant. This Court reversed, however, holding that defendant's zoning ordinance was unreasonable as applied to plaintiff's property and, therefore, constituted a "taking [of] property without just compensation, contrary to the Federal and State Constitutions."[1] *Schwartz v City of Flint,* 92 Mich App 495, 503; 285 NW2d 344 (1979). This Court then remanded to the circuit court for a determination of an appropriate use pursuant to the procedures set forth in *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979).

On remand, the circuit court did not accept either party's proposed use, but instead adopted its own "mid-satisfactory" use. Plaintiff appealed once again, and this Court, although modifying the circuit court order in part, affirmed in all other

[1] See US Const, Am V; Const 1963, art 10, § 2.

respects. *Schwartz v City of Flint (After Remand),* 120 Mich App 449; 329 NW2d 26 (1982).

Plaintiff then appealed to our Supreme Court, which overruled *Zaagman,* finding it to be an improper usurpation by the judiciary of a legislative function. *Schwartz v City of Flint,* 426 Mich 295, 305; 395 NW2d 678 (1986). Adopting the "Illinois approach," the Court held that, where a zoning ordinance is found to be unconstitutional as applied to a plaintiff's property, the plaintiff's proposed use of the property is to be permitted provided that the use is reasonable. *Id.,* pp 325-330. The Court then remanded the case to the trial court for a determination of the question of reasonable use. *Id.,* p 330.

Following remand, the parties engaged in extended negotiations to settle the case, and on February 8, 1988, the City of Flint adopted a resolution agreeing to a specific use of the property. On April 22, 1988, the circuit court entered a "Final Judgment" providing for the development of the subject property in accordance with an agreed-upon plan of use. The judgment indicated that the use was "fair and reasonable and in the best interests of the parties hereto, thereby settling this action."

Although seemingly put to rest, the matter was resurrected almost one year later when, in a letter dated March 3, 1989, plaintiff demanded compensation in excess of $7 million for the previous unconstitutional taking of his property. Pursuant to a letter dated March 15, 1989, defendant rejected this demand, asserting that it considered the matter fully litigated and the issue of damages to be moot. As a result, plaintiff commenced the instant action on June 27, 1989, demanding, in addition to compensation for the unconstitutional taking, treble damages pursuant to MCL 600.2907;

MSA 27A.2907, alleging that the maintenance of the unconstitutional zoning ordinance "for more than two decades resulted in the malicious vexation of plaintiff." Defendant moved for summary disposition, asserting that plaintiff's action was barred by res judicata, citing MCR 2.116(C)(7) and (8) and MCR 2.203(A)(2). The trial court, reasoning that there was no signed release explicitly barring plaintiff from suing for money damages, denied the motion. Defendant's motion for rehearing was also denied. Defendant then applied for leave to appeal, which we granted.

We hold that plaintiff's claim for money damages is barred by res judicata and, accordingly, reverse the trial court's order denying defendant's motion for summary disposition.

The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 615; 275 NW2d 499 (1979); *Sherrell v Bugaski,* 169 Mich App 10, 12; 425 NW2d 707 (1988). The Michigan Supreme Court has adopted the "broad" application of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiff could have brought, but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980); *Vutci v Indianapolis Life Ins Co,* 157 Mich App 429, 436; 403 NW2d 157 (1987). Res judicata applies to default judgments and consent judgments as well as to judgments derived from contested trials. *In re Cook Estate,* 155 Mich App 604, 609; 400 NW2d 695 (1986). The test for determining whether two claims arise out of the same transaction and are identical for res

judicata purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Mazzola v Vineyard Homes, Inc,* 54 Mich App 608, 613-614; 221 NW2d 406 (1974); *Vutci, supra,* p 436.

It is clear to us that plaintiff's present claim arises out of the same transaction involved in the prior suit (i.e., an unconstitutional taking of his property through application of defendant's zoning ordinance) and that a claim for money damages properly belonged in that suit.

Plaintiff argues, however, that he could not have brought a claim for money damages in the first suit because such a remedy had not been expressly recognized at the time that suit was initially filed. We disagree.

It was not until the United States Supreme Court decided *First English Evangelical Lutheran Church of Glendale v County of Los Angeles,* 482 US 304; 107 S Ct 2738; 96 L Ed 2d 250 (1987), that it was first recognized that an award of damages was available as a remedy, pursuant to the Just Compensation Clause of the Fifth Amendment, where a governmental land-use regulation has effected a temporary unconstitutional taking of property. Shortly thereafter, this Court applied the rationale of *First Lutheran Church,* and decided in *Poirier v Grand Blanc Twp,* 167 Mich App 770, 777; 423 NW2d 351 (1988), that such a remedy was also available under the Michigan Constitution. Plaintiff's prior suit was still pending at the time each of these cases was decided. Thus, at the very least, plaintiff was clearly apprised of the possibility of claiming damages before termination of his prior suit. Amending his complaint to include a claim for money damages would have been a viable means for plaintiff to establish his claim for

damages in that suit. Indeed, this is exactly what the plaintiff in *Poirier* did.

Moreover, the mere fact that the availability of damages had not been formally recognized in a judicial decision, as of the commencement of the prior suit, did not mean that plaintiff was precluded from asserting such a claim himself. This, after all, was not a situation where settled law had expressly rejected such a remedy. Indeed, the idea of awarding damages, and the possibility of plaintiff asserting such a claim, was discussed in our Supreme Court's decision in the prior lawsuit. See *Schwartz,* 426 Mich 315-316. The Court found the concept to be an "intriguing one," but declined to consider the issue, noting that plaintiff had not asked for that type of relief. *Id.*

Plaintiff further argues that he could not have sought damages in the first suit, contending that such a claim does not accrue until a municipality has both terminated its unlawful taking and refused to pay. Accordingly, it is plaintiff's contention that his claim did not accrue until March 15, 1989, when defendant formally rejected his request for compensation. We disagree.

The Supreme Court made clear in *First Lutheran Church* that damages for the value of the .use of land are not limited to the period subsequent to a judicial determination that a taking has occurred, but instead must be calculated as of the time of taking. *Id.,* pp 306-307, 319-320. In doing so, the Supreme Court rejected the notion that a compensable taking does not occur until a challenged ordinance has been ultimately held invalid. *Id.,* p 320. Moreover, plaintiff's argument ignores the fact that the plaintiffs in *First Lutheran Church* and *Poirier* both pursued their damage claims in the same suit in which an unconstitutional taking was alleged, not to mention our own

Supreme Court's seeming acknowledgment of the possibility of pursuing damages in *Schwartz,* 426 Mich 315.

Accordingly, we reject plaintiff's arguments that he could not have brought a claim for money damages in the first lawsuit.

As previously noted, plaintiff's present claim for money damages arose out of the same transaction involved in the prior suit. While the issue of damages was not specifically raised in the former suit, we find, for the reasons discussed above, that it clearly could have been. *Poirier, supra,* p 777. Accordingly, we conclude that plaintiff, having obtained a final judgment in the prior suit, is now barred by the doctrine of res judicata from presently pursuing his claim for money damages. Thus, we find that defendant's motion for summary disposition should have been granted.

Reversed.