1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Angela SIMS, Personal Representative of the Estate of Henry
Nealy, Deceased, Plaintiff-Appellant,
v.
CITY OF DETROIT, Kenneth Hayes and Danny Newkirk,
Defendants-Appellees.
 No. 92-1331.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Angela Sims appeals the dismissal of her 42 U.S.C. Sec. 1983 action against defendants. Prior to this action, plaintiff brought a related action against defendants in state court that resulted in a consent judgment. Under Michigan law, which governs this case, the doctrine of res judicata bars plaintiff's federal claims. We therefore affirm the District Court's order dismissing plaintiff's section 1983 claims.
 
 I.
 
 2
 On July 23, 1986, Henry Nealy died as a result of an encounter with defendant Detroit police officers Kenneth Hayes and Danny Newkirk. Emma Nealy, the decedent's mother and personal representative of his estate,[1] filed suit in Wayne County Circuit Court ("WCCC") on September 30, 1986, asserting wrongful death claims under state law and federal claims under 42 U.S.C. Sec. 1983 against Hayes, Newkirk, the City of Detroit, the Detroit Police Department, and former police chief William Hart. Defendants removed the action to the United States District Court. Plaintiff filed a motion to remand to WCCC that was denied on June 1, 1987. Plaintiff then voluntarily dismissed her federal claims without prejudice and the District Court remanded the remaining state claims to WCCC. To avoid another removal to federal court, plaintiff did not refile her federal claims in WCCC.
 
 
 3
 On April 12, 1988, defendants filed a motion in WCCC for compulsory joinder of all claims plaintiff had against defendants arising out of the death of Nealy. In Michigan, "the pleader must join every claim that the pleader has against [the] opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action...." Mich.Ct.R. 2.203(A)(1). On June 9, 1988, the motion was granted. Plaintiff unsuccessfully appealed the compulsory joinder issue to the Michigan Court of Appeals and the Michigan Supreme Court.
 
 
 4
 On March 10, 1989, the City, the Police Department, and former Chief Hart were dismissed from the state action on grounds of governmental immunity, leaving Hayes and Newkirk as the only defendants. The parties then entered into a consent judgment that settled plaintiff's claims for $80,000. The judgment was entered in WCCC on July 31, 1990. Defendants tendered two checks for $80,000, both of which were rejected by plaintiff.
 
 
 5
 Plaintiff then appealed the entry of the consent judgment and also filed a motion to set aside the consent judgment. Both attempts were denied. Plaintiff appealed to the state appellate and supreme courts and lost. Plaintiff also filed a motion for rehearing and reconsideration that was denied on January 24, 1991.
 
 
 6
 On May 31, 1989, plaintiff had refiled her federal claims in District Court. The proceedings were stayed pending the outcome of the state court action. On December 23, 1991, defendants filed a motion to dismiss the federal action on grounds that the settlement and entry of a consent judgment on plaintiff's state claims precluded the subsequent litigation of the related federal claims under the doctrine of res judicata. In a ruling from the bench, the District Court granted the motion. On February 28, 1992, the court entered the order granting defendants' motion to dismiss. Plaintiff timely appealed.
 
 II.
 
 7
 The application of the res judicata doctrine is the sole issue in this case. Under 28 U.S.C. Sec. 1738, federal courts must give full faith and credit to the judicial proceedings of state courts. Both we and the United States Supreme Court have interpreted this statute to require federal courts to "give to a State Court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic, 990 F.2d 256, ---- (6th Cir.1993) (quoting Migra v. Warren City School Dist., 465 U.S. 75, 81 (1984)). Thus, we look to the doctrine of res judicata under Michigan law.
 
 
 8
 Under Michigan law, res judicata bars the bringing of claims where the following elements are present:
 
 
 9
 (1) The prior action was decided on its merits;
 
 
 10
 (2) The issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case; and
 
 
 11
 (3) Both actions involved the same parties or their privies.
 
 
 12
 Id. at ----; see also Sloan v. City of Madison Heights, 425 Mich. 288, 295, 389 N.W.2d 418 (Mich.1986). In Michigan, the res judicata doctrine bars "both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiff could have brought, but did not." Schwartz v. City of Flint, 187 Mich.App. 191, 194, 466 N.W.2d 357 (Mich.App.1991) (citing Gose v. Monroe Auto Equip. Co., 409 Mich. 147, 160, 294 N.W.2d 165 (Mich.1980); Vutci v. Indianapolis Life Ins. Co., 157 Mich.App. 429, 436, 403 N.W.2d 157 (Mich.App.1987)), cert. denied, 112 S.Ct. 1562 (1992). Whether the same facts or evidence are essential to the maintenance of the two actions determines whether the two claims arise out of the same transaction. Schwartz, 187 Mich.App. at 194-95.
 
 
 13
 Plaintiff's federal action is clearly barred by res judicata in this case. The Michigan courts have held that, once entered, a consent judgment is the equivalent of a state court judgment following a trial on the merits. Trendell v. Solomon, 178 Mich.App. 365, 369, 443 N.W.2d 509 (Mich.App.1989), appeal denied, 434 Mich. 891 (Mich.1990). Thus, plaintiff's first action in WCCC was decided on the merits. Additionally, the courts have held that the doctrine of res judicata applies to consent judgments. Schwartz, 187 Mich.App. at 194. It is undisputed that the last two requirements of the res judicata doctrine are satisfied: plaintiffs' federal and state claims arose out of the same transaction, namely, the decedent's encounter with defendants Hayes and Newkirk, and the two actions involved identical parties.
 
 III.
 
 14
 The District Court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Emma Nealy died in February 1990 and the present plaintiff, Angela Sims, was appointed as the succeeding personal representative of Henry Nealy's estate