The TAYLOR GROUP, et al. Plaintiffs–Appellants,

v.

ANR STORAGE COMPANY, Defendant–Appellee.

No. 98–1671.

United States Court of Appeals, Sixth Circuit.

Nov. 8, 2001.

Before NATHANIEL R. JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Plaintiffs appeal the grant of summary judgment in favor of Defendant ANR Storage Company ("ANR") on Plaintiffs's RICO claim under 18 U.S.C. §§ 1961–1968. The district court granted summary judgment to Defendant after finding that Plaintiffs were barred by *res judicata* from asserting this claim because of a prior adjudication in Michigan state court in an action in which they could have brought this claim. Plaintiffs argue that (1) *res judicata* does not apply because the prior state suit was not adjudicated on its merits but on the basis of a statute of limitations; (2) *res judicata* does not apply because ANR did not object to Plaintiffs' failure to join claims, as required under state law; (3) *res judicata* does not apply because the issues in this case are not identical to those in the prior state action; and (4) the court abused its discretion in

denying Plaintiffs' motion to amend their Complaint. We AFFIRM the judgment of the district court.

## I. BACKGROUND

Plaintiffs are the Taylor Group and about fifty other people or their estates or trusts that purchased property in Kalkaska County, Michigan, around 1970. After natural gas was discovered in the area, the Taylor Group received about $40,000.00 per month for several years in royalties. As the natural gas reservoir began to be depleted, Defendant ANR became interested in using it as a storage reservoir. In 1983, ANR began acquiring mineral and storage rights from some of the owners. Plaintiffs, after seeking the advice of their well operator, accepted ANR's offer and received payment.

ANR's plans to convert the reservoir to a storage facility were indefinitely delayed when the Federal Energy Regulatory Commission ("FERC") refused to approve the project. However, later in 1991, ANR again applied for and received FERC certification. ANR then resumed negotiating with the owners of the remaining mineral rights, who had not sold their interests in 1983.

When Plaintiffs learned of ANR's renewed negotiations, they complained to ANR that it should have calculated its 1983 offer to them to reflect additional gas condensate present in the field, which they claimed that ANR knowingly failed to disclose in 1983.

On January 14, 1993, Plaintiffs sued ANR in state court alleging that ANR defrauded them in 1983 by misrepresenting to them the amount of natural gas condensate remaining in the reservoir. The state court granted ANR's motion to dismiss on February 7, 1994. On September 2, 1994, Plaintiffs sued ANR in federal district court alleging that ANR and other entities violated the Racketeering Influenced and Corrupt Organizaiton Act ("RICO"), 18 U.S.C. §§ 1961–1968, by using the United States postal service in an open-ended scheme or enterprise to defraud mineral owners of their property, thereby violating RICO.

Defendant moved for summary judgment on October 31, 1994, contending that (1) the statute of limitations barred the RICO action, (2) *res judicata* barred the RICO action, and (3) Plaintiffs had failed to state a RICO claim. The district court denied the motion because a genuine issue of material fact existed as to whether *res judicata* barred the action. Plaintiffs claimed that they learned of their RICO claim during discovery in the state case but could not raise it because the state trial court did not allow them to amend their pleading.

On February 15, 1995, Defendant again moved for summary judgment claiming that *res judicata* barred Plaintiffs' RICO claim and submitted additional briefing and documentary evidence as to Plaintiffs' knowledge of its potential RICO claim. On June 2, 1995, the district court granted Defendant's motion for summary judgment based on the additional briefing and documentary evidence. However, the district court also permitted Plaintiffs to amend their Complaint and add new Defendants.

On June 7, 1995, Plaintiffs filed their amended complaint adding new Defendants but did not serve them. Rather, on June 29, 1995, Plaintiffs appealed the summary judgment. This Court dismissed the appeal on August 24, 1995, finding that the order was not a final appealable order. On August 31, 1995, Plaintiffs voluntarily dismissed the Defendants that they had added on June 7, 1995, but never served, in order to appeal the summary judgment as a final order.

Meanwhile in state court, the Michigan Court of Appeals had affirmed the trial court's dismissal of Plaintiffs's claim. But on July 23, 1996, the Michigan Supreme Court reversed the appellate court and remanded the case to the trial court. Thereupon, this Court also remanded this case to the district court for further proceedings. After a status conference in the district court, Plaintiffs filed a Second Amended Complaint, naming ANR and eight additional Defendants.

On April 30, 1997, and on June 9, 1997, Plaintiffs moved for leave to file a Third Amended Complaint, which the district court denied on July 2, 1997, and July 21, 1997, respectively. On September 16, 1997, the state trial court dismissed Plaintiffs' case because (1) fraud could not be shown under Michigan law since ANR owed no legal duty to disclose all information in its possession pertinent to the Plaintiffs' reservoir; (2) ANR did nothing to hinder Plaintiffs from obtaining an independent appraisal; and (3) Plaintiffs' claim was barred by the statute of limitations. Based on the dismissal of the state case, ANR again moved for summary judgment in the federal case on the basis of *res judicata*. On May 7, 1998, the district court granted summary judgment to ANR.

Meanwhile, Plaintiffs appealed the dismissal of their claim in state court. After the district court had granted Defendant summary judgment, the Michigan Court Appeals affirmed the circuit court—but only on the grounds of the statute of limitation. Plaintiffs applied for leave to Michigan Supreme Court, which denied leave.

## II DISCUSSION

Plaintiffs raise four issues on appeal. Three of the issues involve prior adjudication. A fourth deals with their attempt to amend their complaint.

### A.  Prior Adjudication

■ State judgments "have the same full faith and credit" in federal courts as "they have by law or usage in the courts of such state." 28 U.S.C. § 1738. Further, "when state-federal jurisdiction is concurrent on the federal claim, the law of the state in which an earlier judgment is rendered governs its preclusive effect on factual issues raised in a subsequent federal action." *Kaufman v. BDO Seidman,* 984 F.2d 182, 183 (6th Cir.1993). In Michigan, claim preclusion bars a subsequent action when (1) the prior action was decided on the merits, (2) the claim in the subsequent action was resolved in the prior action, or arose from the same transaction and could have been resolved in the prior action, and (3) both actions involve the same parties or their privies. *Bd. of County Rd. Comm'rs v. Schultz,* 205 Mich.App. 371, 521 N.W.2d 847, 850 (Mich.Ct.App.1994). Actions arise from the same transaction if the same facts or evidence are essential to the maintenance of the two actions. *Schwartz v. City of Flint,* 187 Mich.App. 191, 466 N.W.2d 357, 360 (Mich.Ct.App.1991).

Plaintiffs contend that the district court improperly dismissed their suit on the basis of *res judicata* for three reasons: (1) the prior state action was not decided on the merits; (2) the instant action and the prior state action arose from different transactions; and (3) ANR waived its *res judicata* defense by failing to request joinder of claims in the state proceeding under Michigan Court Rule 2.203(A)(2).

We observe that initially the federal district court properly granted summary judgment to Defendant on the basis of *res judicata* when it relied on the prior judgment of the state trial court. The state trial court had found for Defendant both on the merits of Plaintiffs' claims and on the basis of the statute of limitations.

However, under Michigan law a prior decision may lose its preclusive effect if it is affirmed on appeal solely on grounds that are not on the merits. *Amalgamated Transit Union, Local 1564 v. Southeastern Michigan Transp. Auth.*, 437 Mich. 441, 473 N.W.2d 249, 255 (Mich.1991); *see also* 18 James Wm. Moore et al., Federal Practice ¶ 131.30[2][c][iii] (3d ed.2001). Further, under Michigan law, a decision on the basis of the statute of limitations is not a decision on the merits. *Bd. of County Rd. Comm'rs v. Schultz*, 205 Mich.App. 371, 521 N.W.2d 847, 850 (Mich.Ct.App.1994).

Here, the Michigan Court of Appeals limited its review of Plaintiffs' appellate issues to the statute of limitation and affirmed the trial court solely on the basis of the statute of limitations. *Taylor Group v. ANR Storage Co.*, No. 206534, 1999 WL 33439658, slip op. at 4 (Mich.Ct.App. July 13, 1999), *leave denied, Taylor Group v. ANR Storage Co.*, 461 Mich. 1015, 622 N.W.2d 524 (Mich.2000). Thus, the state court judgment lost its preclusive effect on appeal because it was no longer decided on the merits. Accordingly, *res judicata* does not bar Plaintiffs' RICO action in federal court. Because we have decided that *res judicata* does not apply on this basis, we need not discuss Plaintiffs other two arguments.

█ Nevertheless, on a close reading of the Michigan Court of Appeals' opinion, we find that another doctrine of prior adjudication, collateral estoppel, applies and precludes relitigation of the fact and time of Plaintiffs' unreasonable reliance on Defendant's alleged mail and wire fraud. The adjudicated fact that Plaintiffs' reliance was unreasonable precludes a finding of Plaintiffs' reasonable reliance on Defendant's alleged mail and wire fraud, which is an essential element of Plaintiffs' RICO claim. The adjudicated fact that Plaintiffs reasonably should have known of this alleged misrepresentation in 1983, also time-bars Plaintiffs' RICO claim as outside of RICO's four-year limitation period. Although the parties did not brief this issue, we may affirm a grant of summary judgment for different reasons than those set forth in the district court if the alternative grounds have adequate support in the record. *Babcock & Wilcox Co. v. Arkwright–Boston Mfg. Mut. Ins. Co.*, 53 F.3d 762, 767 (6th Cir.1995).

Collateral estoppel balances judicial economy, i.e., "the the need to eliminate repetitious and needless litigation," and the interests of litigants in a "full and fair adjudication" of their claims. *Storey v. Meijer, Inc.*, 431 Mich. 368, 429 N.W.2d 169, 171 (Mich.1988); *Howell v. Vito's Trucking & Excavating Co.*, 386 Mich. 37, 191 N.W.2d 313, 318–19 (Mich.1971); *Senior Accountants, Analysts & Appraisers Asso. v. Detroit*, 399 Mich. 449, 249 N.W.2d 121, 124–25 (Mich.1976). Specifically, issue preclusion "precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *People v. Gates*, 434 Mich. 146, 452 N.W.2d 627, 630 (Mich.1990); *McMichael v. McMichael*, 217 Mich.App. 723, 552 N.W.2d 688, 690 (Mich.Ct.App.1996); *Porter v. Royal Oak*, 214 Mich.App. 478, 542 N.W.2d 905, 908 (Mich.Ct.App.1995). Unlike *res judicata*, a prior judgment on the merits is not an element of collateral estoppel. The issue in the second action must be the same issue as in the first action. *Detroit v. Qualls*, 434 Mich. 340, 454 N.W.2d 374 (Mich.1990); *Wilcox v. Sealey*, 132 Mich. App. 38, 346 N.W.2d 889 (1984). Further, the issue in the first action must have been essential to the resulting judgment. If the judgment did not depend on resolving that

issue, collateral estoppel does not apply. *Qualls,* 454 N.W.2d at 391; *People v. Gates,* 452 N.W.2d at 639 (1990). Also, collateral estoppel generally requires mutuality. *Howell v. Vito's Trucking & Excavating Co.,* 386 Mich. 37, 191 N.W.2d 313, 315–16 (Mich.1971); *Barrow v. Pritchard,* 235 Mich.App. 478, 597 N.W.2d 853, 855–56 (Mich.Ct.App.1999). Collateral estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. *Howell,* 191 N.W.2d at 315.

A RICO claim requires proof of two or more predicate offenses that formed a pattern of racketeering activity and involved an enterprise that was connected to the racketeering activity, which injured a plaintiff's business or property. 18 U.S.C. § 1961–1964; *VanDenBroeck v. CommonpPoint Mortgage Co.,* 210 F.3d 696, 699 (6th Cir.2000). Section 1961(1) defines racketeering activity to include mail fraud and wire fraud. 18 U.S.C. §§ 1341, 1343. Plaintiffs allege mail fraud and wire fraud as the predicate acts for their RICO claim. Mail fraud and wire fraud require showing a scheme to defraud using either a mailing or a wire communication to execute the scheme. 18 U.S.C. §§ 1341, 1343. Under RICO, an element of both mail fraud and wire fraud is reliance on the fraudulent representation. *VanDenBroeck,* 210 F.3d at 701; *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 321–323 (6th Cir.1999); *Kenty v. Bank One, Columbus, N.A.,* 92 F.3d 384, 389–90 (6th Cir.1996); *Central Distrib. of Beer, Inc. v. Conn,* 5 F.3d 181, (6th Cir. 1993); *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.,* 819 F.2d 151, 152 (6th Cir.1987).

In affirming the state circuit court's ruling that the statute of limitation had run on Plaintiffs' fraud claim, the Michigan Court of Appeals found that under the discovery rule, Plaintiffs should have known in June 1983 that Defendant's representations were fraudulent because their reliance on the representations were not reasonable. In rejecting Plaintiffs' arguments, the Michigan Court of Appeals reasoned as follows:

> We agree with the trial court that plaintiffs, through the exercise of reasonable diligence, should have discovered that they had a cause of action against defendant in June 1983. . . . [T]he question is not whether plaintiffs were actually induced by Ross not to verify the accuracy of defendant's estimate of the value of plaintiffs' mineral rights, rather, whether their reliance on Ross' representations was reasonable under the circumstances of this case. In our opinion, the exercise of reasonable diligence should have caused plaintiffs to seek an independent appraisal of the volume of natural gas condensate remaining in their own property, notwithstanding the representation of Ross.

*Taylor Group v. ANR Storage Co.,* No. 206534, 1999 WL 33439658, slip op. at 4 (Mich.Ct.App. July 13, 1999).

This finding satisfies all the elements of collateral estoppel. In order to affirm the state circuit court on the basis of the statute of limitations, the Michigan Court of Appeals had to review when Plaintiffs' claim accrued, which in this case occurred when Plaintiffs reasonably should have known of their alleged claim against Defendant. The issue when Plaintiffs reasonably should have known of their claim was actually litigated and necessarily determined by the state courts in finding that the statute of limitations barred Plaintiffs' claim. Further, this finding was part of a final judgment of the state trial and appellate courts on which the Michigan Supreme Court denied leave. Moreover, the

judgment appears valid in all respects. Finally, as a party to that action, Defendant would have been bound by the decision had it been decided Plaintiffs' favor. Accordingly, as a matter of collateral estoppel, Plaintiffs did not reasonably rely on Defendant's allegedly fraudulent representations and should have known of their potential RICO claim in 1983. Therefore, Plaintiffs cannot show in the present case that they reasonably relied on Defendant's alleged fraudulent conduct for purposes of their RICO claim, which is an essential element of their RICO claim. Therefore, we AFFIRM the summary judgment of district court, but on different grounds than the district court relied used.

We also find that, just as Plaintiffs' state law fraud claim was barred by the statute of limitations, so is their RICO claim. A civil RICO action has a four-year limitation period. *Rotella v. Wood,* 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The limitations period for RICO claims accrues when a plaintiff knew or should have known of an injury. *Rotella,* 528 U.S. at 554–55, 120 S.Ct. 1075.[1] As the Michigan Court of Appeals determined, "[w]e agree with the trial court that plaintiffs, through the exercise of reasonable diligence, should have discovered that they had a cause of action against defendant in June 1983." Applying the four-year statute of limitations to Plaintiffs' RICO claim requires that Plaintiffs would have had to file their RICO claim by June of 1987. However, Plaintiffs did not file their RICO claim until 1994, well after the statute of limitations had run. Accordingly, their RICO claim is time barred. Therefore, we also AFFIRM the summary judgment of district court on another basis than that relied on by the district court.

## B. Denial of Leave to File Third Amended Complaint Was Proper

█ Plaintiffs also claim that the district court erred by denying their motion for leave to file a Third Amended Complaint. The Third Amended Complaint proposed adding the same defendants that Plaintiffs had voluntarily dismissed in order to create a final, appealable order. We review a district court's denial of a motion to amend for abuse of discretion. *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 522 (6th Cir.1999).

Under Fed R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." Courts construe Rule 15(a) liberally. *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir.1987). Rule 15(a) reinforces "the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Id.* (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)). Nevertheless, this Court may affirm a denial of a motion to amend a pleading where there is undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies in the pleading, or futility of the amendment. *Fornan v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Troxel*

---

**1.** Before *Rotella,* this Circuit applied the "injury and pattern discovery rule," under which a civil RICO claim accrues only when the claimant discovers, or should discover, both an injury and a pattern of RICO activity. *See, e.g., Caproni v. Prudential Securities, Inc.,* 15 F.3d 614, 619–620 (6th Cir.1994). Application of the injury and pattern discovery rule would not have delayed the accrual of the statute because discovery of Ross' alleged misrepresentation would have implicated the alleged pattern of racketeering activity.

**326**

*Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir.1973).

Here, after litigating in state court, Plaintiffs filed in federal court. Then almost three years after filing their initial Complaint, which they had already amended twice, they moved for leave to file their proposed Third Amended Complaint. This delay would have prejudiced Defendant. While substantially the same as their First Amended Complaint, Plaintiffs' Third Amended Complaint adds defendants that they had previously voluntarily dismissed. Although Defendant ANR and Plaintiffs had stipulated to use the discovery from the state proceeding, the proposed new defendants would have to repeat the discovery process because they were not parties to the state proceeding. This would have prejudiced ANR by subjecting it to repeated discovery. Further, one of the key witnesses, the author of an opinion letter on the fairness of ANR's offer in 1983, had died. After considering this protracted proceeding and its consequent prejudice, we cannot find that the district court abused its discretion in denying Plaintiffs' motion for leave to file a Third Amended Complaint.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.