**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0279n.06
Filed: April 13, 2009

**No. 07-2120**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VICTOR T. WEBER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| THOMAS VAN FOSSEN, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: GIBBONS and McKEAGUE, Circuit Judges; and SHADUR, District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-appellant Victor T. Weber appeals

the dismissal of his complaint seeking to foreclose on his purported real estate mortgage. The United

States District Court for the Eastern District of Michigan abstained from exercising jurisdiction over

the property dispute and dismissed Weber's complaint without prejudice to allow it to be litigated

in Michigan state court. Weber claims that the district court erred in its abstention and urges this

court to exercise jurisdiction.

For the reasons set forth below, we find Weber's underlying claim barred by the state court's

order granting Van Fossen's motion for summary disposition and the doctrine of res judicata, and

we dismiss his abstention challenge as moot.

---

[*] The Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

# I.

The complicated facts of this case concern a dispute over property located in the city of Ann Arbor, Michigan, that has been the subject of litigation between J. Edward Kloian and William Van Fossen (and now his son, Thomas Van Fossen) for over thirty years. In 2004, Weber claimed a separate interest in the property when he filed a foreclosure action on the property in federal court. The factual history of this case has been summarized by the Michigan Court of Appeals, repeated verbatim in the ongoing federal litigation, and is as follows:

> In 1978, Kloian leased the Property to William Van Fossen. At the same time, Kloian granted Van Fossen an option to purchase the Property. A dispute later arose between the parties over nonpayment of rent, alleged breaches of the lease agreement, and whether an option was effectively terminated or exercised. In 1984, Kloian sued Van Fossen for unpaid rent. Kloian then filed an amended complaint, seeking a declaration that he terminated the option. Van Fossen filed several counterclaims, including a request for specific performance of the option to purchase the Property.
>
> In 1991, the circuit court held that Van Fossen was entitled to specific performance. In 1995, the circuit court ordered that the parties enter into a land contract for the sale of the Property to Van Fossen. In 2005, the circuit court entered final judgment in Van Fossen's favor. After a setoff to Kloian for a balloon payment owed pursuant to the terms of the parties' land contract, the circuit court entered a $1,678,415.65 judgment in Van Fossen's favor. The circuit court further held that the parties had satisfied "all obligations under the Land Contract" and transferred the Property to Van Fossen, "free and clear."
>
> . . .
>
> Under the terms of the 1995 Kloian/Van Fossen land contract, Kloian was authorized to execute a mortgage on the Property. Specifically, part (a) of § 3 of the land contract states: "[Kloian] may mortgage the premises as security for [his] debts so long as the mortgage does not adversely affect any of [Van Fossen's] rights under this contract." Accordingly, in January 1997 Kloian and Weber entered into a $200,000 mortgage agreement on the Property. In May 2004, Weber filed a foreclosure action

in the United States District Court for the Eastern District of Michigan, alleging that Kloian had defaulted on the mortgage. In October 2004, Kloian quitclaimed to Weber his interest in the Property in lieu of Weber foreclosing on the Property.

In November 2004, Van Fossen moved to add Weber as a necessary party to the lower court action under MCR 2.205 because Weber's presence was necessary for him to gain clear title to the Property. On November 12, 2004, Weber quitclaimed his interest in the Property back to Kloian with a purported reservation of Weber's rights pursuant to the mortgage agreement. Thereafter, Kloian moved for denial of Van Fossen's motion to add Weber, arguing that he was no longer a necessary party in light of the latter quitclaim deed. Kloian argued that, as simply a mortgagee rather than a property owner, Weber was not an affected party. Nevertheless, the circuit court granted Van Fossen's motion to add Weber as a necessary party.

In December 2004, Van Fossen filed a third-party complaint against Weber, seeking a declaration of Weber's rights in the Property. In his complaint, Van Fossen asserted: "Weber appears to have a legal interest in the Property that must be determined and adjudicated in order for [Van Fossen] to receive clear and marketable title to the Property." However, the circuit court dismissed Weber from the litigation without prejudice on the grounds that its order allowing the third-party complaint was "improvidently granted" and that Weber's interest in the property should be determined in "another filing." Specifically, the circuit court stated:

> The Court is not in a position to issue an equitable ruling regarding the claims of [Van Fossen] against [Weber] with respect to the mortgage on the property due to the circumstances of the litigation. The earlier motion to allow the Third-Party Complaint was improvidently granted. As a result, the Third-Party Complaint is hereby dismissed without prejudice and with right to refile. Any mortgage interest of Third-Party Defendant Victor Weber and any defenses thereto will need to be resolved in another filing.

The circuit court later entered its final judgment, stating, in pertinent part, as follows:

> The Register of Deeds and Recorder's Office is ordered to accept this Judgment Entry as transferring any and all ownership interest of Kloian, his heirs, beneficiaries, mortgagees, lessees, and assignees in the real property . . . to Van Fossen.

In May 2005, Weber filed against Van Fossen a claim of appeal from the circuit court's final judgment.

3

A few days later, Weber filed a post-judgment motion to intervene in the lower court action under MCR 2.209(A)(3), alleging that the final order negatively impacted his mortgage interest in the Property. After hearing oral arguments on the motion, the circuit court denied the motion, explaining its ruling as follows:

> With regard to the motion to intervene, I'm going to deny that motion. Of course, you can ask the Court of Appeals to intervene in the appeal which is really what you seek here anyway, but I'll leave that to them to determine if they want you in the appeal or not.

Weber then moved to intervene in [the Michigan Court of Appeals], which was denied. [The Michigan Court of Appeals] also later denied Van Fossen's motion to dismiss Weber's appeal for lack of jurisdiction.

*Kloian v. Van Fossen*, Nos. 262953 & 262954, 2007 WL 942195, at *1, 9-10 (Mich. Ct. App. Mar. 29, 2007) (footnotes omitted) ("*Van Fossen I*"). Van Fossen argued that Weber did not have standing to intervene in the Michigan Court of Appeals because he was not a party to the action. *Id*. at *10. The court of appeals held that the Michigan circuit court erred in denying Weber's motion to intervene because "Weber has *an interest* in the litigation." *Id*. at *12. The court of appeals remanded the case to the Michigan circuit court to determine Weber's property interest.

Meanwhile, Weber had filed a foreclosure action against Van Fossen and Kloian in federal court and the three parties were engaging in discovery in federal court. Two months after the Michigan Court of Appeals remanded the case to analyze Weber's property interest, the United States District Court for the Eastern District of Michigan dismissed Weber's complaint without prejudice. *Weber v. Van Fossen*, 496 F. Supp. 2d 826, 831 (E.D. Mich. 2007) ("*Van Fossen II*"). The district court found that the unique factual background of the case called for the application of the narrow doctrine of abstention, and it declined to exercise jurisdiction over the property dispute. Weber filed a motion to reconsider, arguing that abstention was inapplicable because the state court

4

proceeding was not parallel to the federal action due to the fact that he had not filed a foreclosure action in state court. The district court denied Weber's motion to reconsider, finding that Weber's interest in the property in question was the core issue in both the state and federal cases. On August 1, 2007, Weber timely appealed to this court.

Weber requested a stay of the state court adjudication of his claims pending the resolution of his appeal to this court. His request was denied, and the Michigan court continued the litigation of his property interest. *See Kloian v. Van Fossen*, No. 84-28688-CK (Mich. Cir. Ct. July 30, 2008) ("*Van Fossen III*"). On July 30, 2008, the state court granted Van Fossen's motion for summary disposition, finding that Weber's property interest had been extinguished because he had "never had an interest in the real property above a mere lien." *Id*. at 5. Weber appealed this order to the Michigan Court of Appeals. *Van Fossen III*, *appeal docketed*, No. 2 (Mich. Ct. App. July 30, 2008). There is no information in the record as to the status of Weber's appeal.

During oral arguments, the issue arose of whether the doctrine of res judicata bars the current litigation because of the state court judgment. The parties were directed to submit additional briefs on the applicability of res judicata.

**II.**

Res judicata provides that "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). The Michigan Supreme Court has identified three conditions that must be met for the doctrine of res judicata to apply: Subsequent claims are barred if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their

5

privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004); *Schwartz v. City of Flint*, 466 N.W.2d. 357, 359-60 (Mich. Ct. App. 1991). Res judicata does not apply, however, where the parties did not have a "full and fair opportunity to litigate the claim or issue decided by the first court." *Abbott*, 474 F.3d at 331 (internal quotation marks and citation omitted).

In this case, all three conditions of the test are satisfied for the underlying merits of Weber's claim. The state court analyzed Weber's alleged claim to the disputed property on the merits and found against him, extinguishing his interest in the property. Indeed, after years of procedural rulings, the state court explicitly considered the merits of Weber's claim: "This Court . . . will decide his interest on the merits." *Van Fossen III*, slip op. at 4. As for the second prong, both actions involve the same parties: Weber, Van Fossen, and Kloian. *Compare Van Fossen I* (Kloian brought an action in Michigan court against Van Fossen, who joined Weber as a third-party defendant), *with Van Fossen II* (Weber brought an action in federal district court against Van Fossen and Kloian).[1] Finally, the third prong is met because the matter Weber is seeking to litigate has already been resolved. Weber claims that he has a property interest as mortgagee against Van

---

[1] Kloian, third-party defendant in this action, argues *pro se* that it is disingenuous for Van Fossen to claim now that Weber was a party in the earlier actions for purposes of res judicata since Van Fossen argued before the Michigan court that Weber was *not* a party. *Van Fossen I*, 2007 WL 942195, at *10. Van Fossen has indeed employed inconsistent arguments throughout this litigation process, as noted by the Michigan Court of Appeals, *id.* at *12, but Van Fossen's possible lack of good faith in his argumentation does not change the fact that Kloian, Van Fossen, and Weber were all parties in the state court litigation. Where the factors of res judicata are met, we are barred from hearing the claims, regardless of the inconsistencies of the parties' arguments. *James v. Gerber Prods. Co.*, 587 F.2d 324, 327 (6th Cir. 1978) ("The doctrine of res judicata is not discretionary in nature, but rather, is embodied in a congressional mandate that the courts must conscientiously follow.").

Fossen. The Michigan state court, however, already determined that Weber's land contract mortgage agreement was an interest in personal property and did not affect Van Fossen's title to the real estate. *Van Fossen III*, slip op. at 3. The Michigan court ordered that the property be "hereby transferred to Van Fossen, free and clear of the land contract and the mortgage interest claimed by Weber." *Id*. at 5. Weber's claims have already been fully adjudicated.

As a constitutional matter, Weber has had a "full and fair opportunity" to litigate. *See Abbott*, 474 F.3d at 331.[2] In fact, his case continues as he has filed an appeal of the trial court's decision to

---

[2] Weber contests this point, claiming that he was deprived of due process because he was not given adequate notice. First, he argues that he was never personally served. The Michigan Court of Appeals noted that Weber was personally served on April 21, 2008. *Van Fossen III*, slip op. at 3. Regardless, Weber does not dispute that both his previous attorney Glenn Matecun and his current attorney Hugh Davis received notice. Service on either Matecun or Davis constitutes notice to Weber. *See, e.g.*, *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 524 (6th Cir. 2006) ("[E]ach party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney." (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962))); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (same).

Second, Weber argues that he did not receive adequate notice because Van Fossen did not comply with Michigan's procedural requirements. Michigan court rules require that a "hearing on a motion brought by a party asserting a claim shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim." Mich. Ct. R. 2.116(B)(2). As noted, Weber was served on April 21, 2008. *Van Fossen III*, slip op. at 3. Weber argues that because the hearing on Van Fossen's motion for summary disposition was on May 14, 2008, 23 days after the motion was filed instead of 28, he did not receive adequate notice. Weber's argument fails because he is referencing the wrong Michigan court rule. The rule requires only that the hearing take place 28 days after the complaint was served. Mich. Ct. R. 2.116(B)(2) ("[A] hearing on a motion brought by a party asserting a claim shall not take place until at least 28 days *after the opposing party was served with the pleading stating the claim*." (emphasis added)); *Yee v. Shiawassee County Bd. of Comm'rs*, 651 N.W. 2d 756, 764 (Mich. Ct. App. 2002). The original complaint in this litigation was filed in Michigan court over 28 years ago, let alone 28 days, and Weber has participated in the state litigation for several years. The applicable notice requirement for Van Fossen's motion for summary disposition is *21* days, not 28. Mich. Ct. R. 2.116(G)(1)(a)(i); *Yee*, 651 N.W. 2d at 764. Because Weber received notice 23 days before the hearing, Van Fossen satisfied the 21-day notice requirement. Weber thus received notice and suffered no due process violation.

the Michigan appellate court.[3] *Van Fossen III*, *appeal docketed*, No. 2 (Mich. Ct. App. July 30, 2008). Weber is not entitled to have his case reheard in federal court after an adverse decision in state court. Weber's foreclosure claim has already been extinguished in state court, and to re-litigate the issue would waste judicial resources, *see Sanders Confectionery Prods., Inc., v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), and prolong litigation that has finally come to a conclusion. We therefore find that Weber's underlying claims are barred by res judicata.

Where a federal court abstains and a state court renders a final decision, the res judicata effect of the state court's judgment precludes meaningful review of the decision to abstain. *See Turnbow v. Pac. Mut. Life Ins. Co.*, 934 F.2d 1100, 1104 (9th Cir. 1991) ("Because we hold that res judicata bars federal relief, we need not decide whether the district court properly dismissed the action on abstention grounds. At any rate, abstention from the exercise of federal jurisdiction appears to be a moot issue, because the Nevada Supreme Court has already decided [the merits]."); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Once the state court decided the issue . . . the federal court would be bound to honor that determination as res judicata."); *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 914 (10th Cir. 2008) ("[R]es judicata requires federal courts to honor any subsequent judgment of the state court, which renders the abstention decision effectively unreviewable on appeal." ); *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 240 (5th Cir. 1997) (distinguishing the "situation in which the . . . court *abstains* and is then bound as a matter of

---

[3] Weber's appeal of the state court's decision does not affect the application of the res judicata doctrine because the Michigan court entered a final written order and opinion adjudicating Weber's interest. *See Temple v. Kelel Distrib. Co.*, 454 N.W.2d 610, 611 (Mich. Ct. App. 2002); *City of Troy Bldg. Inspector v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970) ("The rule in Michigan is that a judgment pending on appeal is deemed [r]es judicata.").

*res judicata* to honor the judgment of the Michigan state court, thus rendering the abstention decision effectively unreviewable on appeal"). Because any federal resolution of Weber's claims is barred by res judicata, Weber's challenge to the district court's abstention is moot. *See Turnbow*, 934 F.2d 1100, 1104; *see also League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) ("A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quoting *L.A. County v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted)); *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006) (same).

**III.**

Because we find the underlying claims barred by res judicata, we dismiss Weber's challenge to the district court's abstention as moot.