*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY GRASMAN,

        Plaintiff-Appellant,

v

GRAND VILLAGE/SUN HOMES,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2021

No. 350307
Kent Circuit Court
LC No. 19-004105-CZ

Before: BECKERING, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

This appeal arises out of the latest of several lawsuits between plaintiff, Stacy Grasman, and defendant, Grand Village/Sun Homes, plaintiff's former landlord. Their landlord-tenant relationship came to an end in late 2017, but both parties had turned to the court system before then, and plaintiff has turned to it since then as well. In this appeal, plaintiff appeals as of right the opinion and order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) on collateral estoppel grounds. We conclude that the trial court reached the right result, although for the wrong reason, and accordingly, we affirm.

Plaintiff's claims in this case center on a variety of criticisms she has about defendant and her prior lawsuits involving defendant. In her complaint, plaintiff alleged the following counts:

- "Being An Illegal Monopoly,"

- "Unlawful Service of Papers, Preventing District Court Jurisdiction, Violating Due Process and Rendering all District Court Judgments Void,"

- "Being a Complicit and Active Participant in Lack of Subject Matter Jurisdiction,"

- "Knowingly Entering a Fraudulent Void Judgment, and Deliberately Misrepresenting the Monies that Plaintiff Had Paid into Escrow,"

- "Negligent Refusal to Correct the Fraudulent, Void Judgment in Response to Plaintiff's Motion for Reconsideration,"

-1-

- "Taking Further Punitive Actions Against Plaintiff, With Full Knowledge that the Judgment is Void and Fraudulent,"

- "Violating the Automatic Stay on Judgment Execution under MCR 2.614, Provided by a Motion for Reconsideration,"

- "Violation of the Anti-Lockout Law,"

- "Seizing Plaintiff's Escrow Overpayment, Over and Above Defendants Own Written Judgment Amount,"

- "Contempt of Court," and

- "Misconduct and Abuse of Process."

The trial court dismissed all 12 counts. With respect to the "Being An Illegal Monopoly" count, the trial court ruled that the claim was barred by collateral estoppel, stating: "On April 15, 2019, this Court issued an order granting [defendant]'s motion for summary disposition and entered a final order dismissing the case. Since this issue has already been adjudicated by a final order of this Court, successive complaints are barred under the principle of collateral estoppel."

With respect to the other 11 counts, the trial court ruled as follows:

The other 11 counts concern matters from other cases such as improper service, lack of jurisdiction, void judgment, and misrepresentation of facts and many other allegations of a similar nature. Despite [plaintiff]'s voluminous pleading, it is entirely devoid of authority which would allow this court to address any of these issues. It is apparent to the Court that these issues would be appropriately addressed in the respective cases to which they relate.

Summary disposition pursuant to MCR 2.116(C)(7) is appropriate if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*.

In our view, both of the trial court's conclusions are problematic. First, regarding plaintiff's "Being An Illegal Monopoly" claim, we cannot agree that collateral estoppel barred the instant lawsuit based on the trial court's prior dismissal of the 2018 lawsuit. "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Porter v Royal Oak*, 214 Mich App 478, 485; 542 NW2d 905 (1995). Because the trial court dismissed the 2018 lawsuit based on a lack of jurisdiction, it cannot be said that any of these claims were "actually and necessarily determined

in the prior proceeding." *Id*. Second, the trial court's belief that the remaining 11 "issues would be appropriately addressed in the respective cases to which they relate" was not a sufficient explanation for summary disposition with respect to those 11 counts. While we generally agree with the trial court that, both below and again on appeal, plaintiff has largely failed to provide any "authority which would allow this court to address any of these issues," we conclude that a more detailed explanation of the grounds of dismissal would have been helpful. Nevertheless, we affirm the trial court's August 13, 2019 opinion and order granting summary disposition in favor of defendant because the trial court reached the right result, even if it did so for the wrong reasons. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

"The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time." *Schwartz v City of Flint*, 187 Mich App 191, 194; 466 NW2d 357 (1991). For this reason, "[t]he Michigan Supreme Court has adopted the 'broad' application of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiff could have brought, but did not." *Id*. "The test for determining whether two claims arise out of the same transaction and are identical for res judicata purposes is whether the same facts or evidence is essential to the maintenance of the two actions." *Id*. at 194-195.

Here, all of plaintiff's claims are barred by the res judicata doctrine, which bars all claims that plaintiff brought in prior litigation *as well as* "those claims arising out of the same transaction which plaintiff could have brought but did not." *Schwartz*, 187 Mich App at 194. Plaintiff could have brought all of the claims she alleges in this case in one of the prior lawsuits between her and defendant. As the trial court recognized, plaintiff's "Being An Illegal Monopoly" count is the only one that does not necessarily seek to reverse or void a judgment from one of the underlying cases. But even that count relies on the allegation that "[w]hen [defendant] unlawfully evicted Plaintiff, she was constructively evicted from the entire monopoly that is [defendant], including dozens of communities in Michigan alone, which severely limits Plaintiff's options and choices, ongoing." Such a claim could have been brought in any of the prior lawsuits between the parties.

Accordingly, because all of plaintiff's claims in this case are barred by the doctrine of res judicata, we affirm the trial court's August 13, 2019 opinion and order in full. In light of this conclusion, we need not substantively address plaintiff's remaining arguments. We also decline defendant's request to award actual or punitive damages and decline to take other disciplinary action against plaintiff pursuant to MCR 7.216(C).

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Douglas B. Shapiro